IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLENN CONSTRUCTION COMPANY, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:09-cv-250-MEF ) |
| BELL AEROSPACE SERVICES, INC., and BARGE, WAGGONER, SUMMERS & CANNON, INC. | ) (WO—Do Not Publish) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This case is presently before the Court on a Motion to Dismiss Pursuant to Rule 12(b)(6), which Defendant Bell Aerospace Services, Inc. ("Bell Aero") filed on April 23, 2009. (Doc. # 7.) A Motion to Exclude Matters Extraneous to the Complaint, which Plaintiff Glenn Construction Company, Inc. ("Glenn Construction") filed on May 7, 2009, is also under submission. (Doc. # 13.) The Court has considered the arguments of counsel both in support of and in opposition to the Motion together with the applicable authorities. For the reasons set forth below, the Court finds that the Motion to Exclude is due to be DENIED and the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, the Court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057

(11th Cir. 2007); *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id.* at 555. It is not sufficient that the pleadings merely "[l]eave open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

## FACTUAL AND PROCEDURAL HISTORY

### A. Motion to Exclude Matters Extraneous to the Complaint

Because the Court's ruling on the Motion to Exclude will determine to some extent the facts for purposes of the Motion to Dismiss, the Court must address it prior to reciting the facts. Bell Aero attached a sixty-four-page "Evidentiary Submission" to its Motion to Dismiss. (Doc. # 7-2.) The evidentiary submission contained four exhibits. Exhibit A is the standard and general conditions portion of the construction contract that governs much of this dispute. Exhibits B and C are orders of dismissal in two related state court cases. Exhibit D is an engineer's written decision about Glenn Construction's work on the construction project.

Glenn Construction argues that the language of Rule 12(b)(6), which provides that if

"matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," requires that the Court exclude Bell Aero's evidentiary submission. However, the Court is free to consider Exhibit A, even in the context of a motion to dismiss, because the Glenn Construction refers to the contract in the complaint and the contract is central to the its claims. *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). The same is true for Exhibit D, another document central to the Glenn Construction's claims and refered to in the complaint. *See id.* Additionally, the Court may consider Exhibits B and C because "[t]he Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279–80 (11th Cir. 1999). Therefore, the Motion to Exclude Matters Extraneous to the Complaint is due to be DENIED and the Court will consider the evidentiary submissions in ruling on the Motion to Dismiss.

### B. Factual and Procedural History

The following facts are taken from the Complaint and Bell Aero's evidentiary submission, as they must be for purposes of this Motion.

This dispute arises out of a contract for the expansion of Bell Aero's facility known as "U.S. Helicopter, Phase I, Blackwell Field, Ozark, Alabama" ("the project"). Bell Aero

3

contracted with Glenn Construction to complete part of the expansion work on February 2, 2007. Defendant Barge, Waggoner, Summer & Cannon, Inc. ("BWSC"), was the project engineer for the project.

### 1. Certificate of Substantial Completion

The bulk of the dispute for purposes of the Motion to Dismiss centers not on the actual construction phase of the project, but on the process of certifying its completion under the contract. According to the contract, BWSC was to make the certification of substantial completion and certificate of payment, at which time Bell Aero would be obligated to pay Glenn Construction for its work on the project. BWSC never issued the requisite certification, and Bell Aero never paid Glenn Construction for its work on the project. The specific facts alleged about this phase of the project are as follows:

On February 28, 2008, Glen Construction advised BWSC that the City of Ozark demanded that BWSC be present for the final inspection. BWSC "was requested" to schedule an inspection with the City of Ozark as soon as possible. Glenn Construction advised BWSC that the hangar building would be substantially complete on February 29, 2008. On February 29, 2008, Glenn Construction believed that it was substantially complete with the project, except for the items listed and as authorized by Section 14.04A of the construction contract, which governed "substantial completion." Glenn Construction re-quested BWSC to issue a "Certificate of Substantial Completion" and have a representative present during the inspection. On March 6, 2008, Michael Cole of BWSC responded that the Owner could not and would not accept the project although Glenn Construction had complied

with General Condition 14.04, Substantial Completion.  On March 13, 2008, BWSC told Glenn Construction that BWSC planned to issue a certificate of substantial completion the next day.  BWSC also represented that it needed a written request from Glenn Construction for the certificate.

On March 14, 2008, Glenn Construction responded "We did send a notice of substantial completion with our last pay request."  BWSC responded: "You did not request the Engineer issue a certificate of substantial completion.  You only stated that Glenn Construction determined substantial completion was established on Friday, February 28.  BWSC made a site visit on March 3, 2008, and determined that the project was not substantially complete.  I have never received a request for a certificate of substantial completion.  Please send me something asking for it so that I can issue it today."

Glenn Construction issued Bulletin Number 00152, incorrectly dated February 29, 2008.  The bulletin referred to the fact that Glenn Construction considered that is was substantially complete as of February 29, 2008, but clearly requested a "certificate of Substantial Completion."  As a result of this Glenn Construction claims "BWSC has refused to carry out its duty to issue the final Certificate of Payment and has thereby frustrated and hampered Glenn Construction's receipt of payment."

On March 25, 2008, the Certificate of Occupancy was issued by the City of Ozark.  Bell Aero failed to pay the balance due on the contract.

### 2. Subcontractors

One of Bell Aero's arguments relies on Glenn Construction's use of unlicensed

5

subcontractors, and the facts relevant to that argument are as follows: Glenn Construction retained subcontractors Skipper Construction and Team Building Construction to perform various parts of the contract between it and Bell Aero. The Circuit Court of Dale County, Alabama, dismissed an action filed by Skipper Construction against Glenn Construction, Bell Aero, and Hartford Casualty Insurance Company, saying only "Counterplaintiff's Motion to Dismiss filed by Glenn Construction Co. LLC is hereby GRANTED." (Doc. # 7-2 at 41.) The same court dismissed an action filed by Team Building Construction against Glenn Construction, Michel Glenn Wolfe, Bell Aero, and BWSC without comment. (Doc. # 7-2 at 44–45.)

## DISCUSSION

Bell Aero makes several arguments it maintains compel dismissal of the claims against it. First, Bell Aero argues that the Complaint does not state a claim on which relief can be granted because it affirmatively alleges that a condition precedent to Bell Aero's performance was not satisfied. Second, Bell Aero argues that Glenn Construction cannot maintain this action because it hired Skipper Construction and Team Building Construction, unlicensed contractors, in violation of Alabama's General Contractor's Practice Act, Ala. Code. § 34-8-1 *et seq*. Third, Bell Aero argues that the claims against it are barred by the terms of the contract because Glenn Construction did not comply with the dispute resolution procedure required by those terms. Finally, Bell Aero argues that the specific claims based upon an open account and for work and labor done are due to be dismissed because the terms of the contract exclusively occupy the field of this dispute.

### A. Failure to Satisfy Condition Precedent

Bell Aero argues that Glenn Construction's complaint fails to state a valid claim of breach of contract against Bell Aero because, by Glenn Construction's own pleaded account, the conditions precedent to Bell Aero having any obligation to make additional payments to Glenn Construction did not occur. Specifically, Bell Aero argues that its obligation to make payments to Glenn Construction did not arise until the work has been accepted by the project engineer and the project engineer makes its recommendation to the owner of the amount owed to Glenn Construction. This, so the argument goes, together with Glenn Construction's allegation that "BWSC has refused to carry out its duty to issue the final Certificate of Payment and has thereby frustrated and hampered Glenn Construction's receipt of payment," forecloses Glenn Construction's claims against Bell Aero.

Glenn Construction strongly disagrees. First, Glenn Construction argues that it did not fail to plead satisfaction of conditions precedent because of allegations in the complaint that "Glenn Construction has satisfied all of its duties and responsibilities necessary under the Construction Contract and is entitled to immediate release of said payments from the retainage." (Doc. # 1 ¶ 208.) This argument fails to rebut Bell Aero's contention that the complaint affirmatively alleges that it had no obligation to pay Glenn Construction under the contract until BWSC, not Glenn Construction, took specific actions. *See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.*, 611 So. 2d 238, 245 (Ala. 1992) ("This Court has long recognized that when a party cannot perform a contract without obtaining the consent of a third person who is free to withhold it, such consent is a condition precedent to

7

performance of the contract."). It follows that when a party fails to allege satisfaction of such a condition precedent—one that requires actions of a third party—his allegations fail to state a claim for breach of the subject contract. *See Anderson v. Golden*, 569 F. Supp. 122, 139 (S.D. Ga. 1982) (holding that under Georgia law, "where the contract stipulates that final payment to the contractor shall be due and payable upon the issuance of an architect's certificate of completion, it is essential to allege compliance with this condition in order to maintain an action to recover the balance due under the contract or to enforce the collection thereof by foreclosure of a materialman's lien."). Therefore, Glenn Construction failed to plead satisfaction of a condition precedent to Bell Aero's performance under the contract. Unless something excuses this failure, the breach of contract claims against Bell Aero are due to be dismissed.

Glenn Construction argues that its failure to allege satisfaction of the condition precedent is excused by its allegations of fraud or bad faith on the part of BWSC. Glenn Construction points out that the Alabama Supreme Court held in *Catanzano v. Jackson*, 73 So. 510 (Ala. 1916), that

> While the parties to a contract may stipulate that the estimates of the work done and of the compensation to be paid therefor shall be made by a third party, who shall also have power and be charged with the duty to pass upon the character of the workmanship employed and upon the quality of the materials used, yet in this regard the action of such third party will be final and binding on the parties only *in the absence of fraud and bad faith*.

*Id.* at 512 (emphasis added); *see also Shriner v. Craft*, 51 So. 884, 888 (Ala. 1909) ("Where a building contract specially provides that the certificate of the architect shall be final and

conclusive, it is conclusive and binding in its legal operation and effect on the parties to the contract, and can be impeached only for fraud, or such gross mistakes as would imply bad faith or a failure to exercise an honest judgment."); *see also Martinsburg & P.R. Co. v. March*, 114 U.S. 549 (1885) (holding in a case where the contract provided that "whenever the contract shall be completely performed on the part of the contractor, and the said engineer shall certify the same in writing under his hand, together with his estimate aforesaid, the said company shall, within 30 days after the receipt of said certificate, pay to the said contractor, in current notes, the sum which, according to his contract, shall be due," that the contractor could not maintain an action for compensation without alleging the making of such certificate, or facts entitling him to sue without it; and that, in the absence of fraud, or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment, such estimate by the engineer was conclusive upon the parties).[1]  Here, Glenn Construction has alleged that BWSC's refusal to certify completion was fraudulent. Therefore, failure to allege the satisfaction of the condition precedent is excused by the allegations that the failure was a result of fraudulent conduct by the party responsible for satisfying the condition.[2]  Thus, Glenn Aero's claims cannot be dismissed for failure to plead

---

[1] There is some ambiguity in these admittedly old cases about whether the fraud or bad faith must be of the defendant owner or on the part of the third party engineer. Both *Catanzano*, 73 So. at 510-12, and *Shriner*, 51 So. at 888, seem to indicate that the fraud must be on the part of the engineer, though the language is not a model of clarity. Fortunately the Court need not wade into this murky area of Alabama law because Glenn Construction alleged fraud and/or bad faith on the part of both Bell Aero and BWSC.

[2] Glenn Construction also argues that because it alleges Bell Aero is in part responsible for the failure of the condition precedent, it cannot rely on that failure as a defense to performance under

satisfaction of the condition precedent.

### B. Alabama's General Contractor's Practice Act

Next, Bell Aero argues that, because a contractor who engages unlicensed subcontractors is barred from enforcing the subject contract pursuant to the Alabama General Contractor's Practice Act, and Glenn Construction engaged unlicensed subcontractors, the Alabama General Contractor's Practice Act bars the instant action. Bell Aero claims that Glenn Construction previously secured dismissal of two state court actions against it, one by Skipper Construction and one by Team Building Construction, because those contractors were not licensed Alabama subcontractors. Exhibits B and C are the judgments dismissing those cases and Bell Aero's argument relies upon a characterization of these orders as prior judicial determinations that Skipper Construction and Team Building Construction were not licensed subcontractors.

The Court need not reach the issue of whether this suit is barred by the Act because Bell Aero's argument relies on facts the Court cannot consider for purposes of this Motion. The two prior judicial "determinations" Bell Aero relies upon say nothing about whether Skipper Construction and Team Builder Construction were licensed. While the Court is free to consider these court documents under *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279–80 (11th Cir. 1999), it must take them for what they are—evidence of the fact of

---

the contract. This argument has merit, too. *See Ex parte Johnson*, 993 So. 2d 875, 884 (Ala. 2008) ("It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure."); *World's Exposition Shows, Inc. v. B.P.O. Elks, No. 148*, 186 So. 721, 724 (1939) (same).

dismissal of two related cases, without comment. The two orders in evidence merely state the fact of dismissal of both actions; they say nothing of why. The Court is not free at this juncture to take Bell Aero at its word. Therefore, the Motion to Dismiss is due to be denied to the extent is seeks dismissal of Glenn Constructions claims for failure to comply with the Alabama General Contractor's Practice Act.[3]

### C. Contractual Dispute Resolution Procedure

Bell Aero next claims that Glenn Construction's claims against it are due to be dismissed because Glenn Construction failed to comply with the mandatory dispute resolution procedure outlined in the governing contract. This argument is based upon the application of a contractual term that requires an aggrieved party to the contract to commence an action challenging the engineer's determination about performance under the contract within sixty days of such decision. Bell aero uses this term, together with the date of BWSC's decision in this case (January 12, 2009) and the date Glenn Construction commenced this action (March 25, 2009), to argue that Glenn Construction is bound by the engineer's determination, having commenced its case out of time.

The Court denied Glenn Construction's Motion to Strike generally and specifically with respect to Exhibit D, the engineer's written decision on the contract. That document is dated January 12, 2009, and there can be no dispute that Glenn Construction commenced this action greater than sixty days from that date. However, Glenn Construction disputes the

---

[3] Because of this holding, the Court does not reach the thornier issue of whether Bell Aero's version of the facts would operate to block Glenn Construction's claims.

11

veracity of the date on the report, arguing in its response that the letter dated January 12, 2009, was back-dated and was neither sent nor received before February 10, 2009. According to the February 10 date, Glenn Construction's action was timely.[4]  The Court will not grant a motion to dismiss based on a disputed portion of an evidentiary exhibit because the Court's authority to consider documents attached to the motion to dismiss is limited to documents about which there is no dispute.  *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) ("This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, *its contents are not in dispute*, and the defendant attaches the document to its motion to dismiss.") (emphasis added); *see also Pension Benefit Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) ( "[A] court may consider *an undisputedly authentic document* that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."(emphasis added)); *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1297 n.1 (N.D. Ga. 2002).  Hence, for purposes of this Motion to Dismiss, there is not uncontroverted evidence or allegations that evince a failure of Glenn Construction to comply with the dispute resolution procedures in the contract.

### D. Claims for Work on Open Account and Work and Labor Done

Bell Aero claims that Glenn Construction's claims based upon an alleged open account and work and labor done do not state cognizable causes of action because all rights

---

[4] The Court need not consider Glenn Construction's other rebuttal arguments, and so makes no comment on their merit.

and obligations of Glenn Construction and Bell Aero in the underlying transaction are specifically dictated by express contractual terms. Glenn Construction argues *Braswell v. Malone*, 78 So. 2d 631 (Ala. 1955), allows it to bring both causes of action.

Glenn Construction cannot recover for work and labor done because the terms of the express contract exclusively determine the rights of the party to it. *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) ("[W]hen an express contract exists, an argument based on quantum meruit recovery in regard to an implied contract fails"); *Burgess Mining & Constr. Co. v. Lees*, 440 So. 2d 321, 337 (Ala. 1983) ("[T]he obligation, if any, to pay for work and labor done rests on quantum meruit . . . ."). *Braswell* does not save Glenn Construction's claim because that case provides for non-contractual recovery only where the defendant (here Bell Aero) prevented the plaintiff (Glenn Construction) from performing the contract, and there are no such allegations in the Complaint. *See Sanders v. J.W. Snyder Constr. Co.*, 681 So. 2d 576, 579 (Ala. Civ. App. 1996). Indeed, Glenn Construction alleges that it fully performed its obligations under the contract.

Similarly, the existence of an integrated contract, final and complete as to all its terms, precludes recovery under an open account theory. "An open . . . account is one where a provision of the contract is left open for further negotiations." *Wal-Mart Stores, Inc. v. Anniston Dev. Co.*, 856 So. 2d 218, 332 (Ala. 2002). Here, the contract is complete and final as to all of its terms, so Glenn Construction cannot maintain an action for open account. Glenn Construction argues that the contract allows for changes and adjustments, particularly of amounts payable to the contractor. However, the provisions in the contract that provide

for adjustments in payment do not change the Court's conclusion, as the adjustments must be made in accordance with the terms of the contract, which are not themselves left open to further negotiation. *See id.* at 220–21. Therefore, the Motion to Dismiss is due to be granted with respect to Glenn Construction's claims for work and labor done and open account. Accordingly, those claims are due to be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Motion to Exclude Matters Extraneous to the Complaint (Doc. # 13) is DENIED.

It is further ORDERED that the Motion to Dismiss (Doc. # 7) is GRANTED in part and DENIED in part. The Motion is granted insofar as it sought dismissal of the claims against it sounding in work and labor done and open account; the motion is denied in all other respects.

DONE this the 21st day of December, 2009.

                                               /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE