IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GLENN CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:09-cv-250-MEF |
| v. | ) | |
| | ) | |
| BELL AEROSPACE SERVICES, | ) | (WO – DO NOT PUBLISH) |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before this Court is Defendant Barge, Waggoner, Sumner and Cannon, Inc.'s ("BWSC") motion to exclude the testimony of Mac Brittingham ("Brittingham"), filed on May 25, 2011.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This action arises out of the construction of a helicopter hangar at Defendant Bell Aerospace Services, Inc.'s ("Bell Aero") facilities in Ozark, Alabama ("the Project"). Bell Aero was the owner of the Project and BWSC was the project engineer (collectively, "Defendants"). Plaintiff Glenn Construction Company, LLC ("Glenn Construction") was hired as the general contractor for the Project. Glenn Construction brings claims for breach of contract, negligence, wantonness, fraud, and intentional interference with contractual relations.

On January 22, 2010, this Court entered a Uniform Scheduling Order, (Doc. # 22), pursuant to Rule 16 of the Federal Rules of Civil Procedure. According to the Uniform

Scheduling Order, Glenn Construction was to make the following disclosures by July 1, 2010:

> disclose . . . the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703 or 705 of the Federal Rules of Evidence, and provide reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

(Doc. # 22, at 2 § 8). The parties were also required to "comply fully with all requirements of Rule 26(a)(2) in regard to the disclosure of expert testimony." (*Id.*). Section 12 of the Uniform Scheduling Order adopted the discovery plan contained in the Report of the Parties' Planning Meeting, filed on January 21, 2010, "[e]xcept to the extent of any conflict with deadlines" set in the Uniform Scheduling Order. (*Id.* at 3 § 12). Under the parties' discovery plan, the parties were to supplement their expert disclosures under Rule 26(e) by November 15, 2010 (Doc. # 37, at 3).

On July 1, 2010, the date of the deadline for expert witness disclosure under the Uniform Scheduling Order, Glenn Construction designated John Bruziak as a retained expert. On November 15, 2010, Glenn Construction provided its supplemental Expert Witness Disclosure and named Stuart Ashley ("Ashley") and Mike Wolfe as two non-retained experts. It is undisputed that neither the initial expert witness disclosure nor the supplemental expert witness disclosure named Brittingham as potential expert witness. On February 7, 2011, as part of its evidentiary submission in response to Defendants' motions for summary judgment, Glenn Construction included Brittingham's affidavit as

2

to the standard of care for professional engineers and BWSC's alleged breach thereof.[1]
Glenn Construction contends that Brittingham is to serve as a rebuttal witness to the proposed testimony of two of BWSC's engineers—namely, Michael Petrin ("Petrin") and Michael Cole ("Cole").

## ANALYSIS

Under Rule 26(a)(2), parties must disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" pertaining to expert witnesses. Fed. R. Civ. P. 26(a)(2)(A). Under Rule 26(e) parties must supplement any such disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* 26(e). However, the deadlines for disclosure of experts may be modified by court order. *See* Fed. R. Civ. P. 16 (b) (stating that district courts "must issue a scheduling order" which may "modify the timing of disclosures under Rules 26(a) and 26(e)(1)"). Here, the Uniform Scheduling Order provided an initial disclosure deadline of July 1, 2010 and adopted the parties' supplemental disclosure deadline of November 15, 2010. As the Eleventh Circuit has explained, "such [scheduling] orders control the subsequent course of the action unless modified by

---

[1] "Alabama law requires that expert testimony establish the appropriate standard of care that professionals, such as architects and engineers, must exercise. This standard is based upon the learning, skill, and care ordinarily possessed and practiced by those ordinarily skilled in that profession." *Collins Co. v. Decatur*, 533 So. 2d 1127, 1134 (Ala. 1988) (citations omitted).

subsequent order." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (citations omitted). Modification of the scheduling order requires "a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (citations omitted).

As this Court has previously explained, "[i]t has been the long-standing and consistent practice of this court to enter deadlines for disclosure of witnesses after obtaining proposals from counsel for the parties, and *to then enforce those deadlines*." *White v. Volvo Trucks of N. Am.*, 211 F.R.D. 668, 669 (M.D. Ala. 2002) (Albritton, J.) (emphasis added); *see also Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert discovery rules are designed to allow both sides to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."). Here, it is undisputed that Brittingham's identity was not disclosed as a potential witness who would offer expert testimony by the July 1, 2010 deadline in § 8 of the Uniform Scheduling Order or by the November 15, 2010 deadline for supplementation. Indeed, both deadlines were set on the date requested by counsel, including counsel for Glenn Construction.

Glenn Consruction contends that it was substantially justified in its untimely disclosure because Brittingham would serve as a rebuttal witness to the testimony of Cole and Petrin on the standard of care and breach thereof and because Glenn Construction's original expert on these issues indicated an unwillingness to testify. In support of the first

4

argument, Glenn Construction relies upon Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure for the proposition that "a party may disclose expert testimony to be used for rebuttal on the same subject matter (i.e., the standard of care), 'within 30 days after the other party's disclosure." (Doc. # 111, at 7 (quoting Fed. R. Civ. P. 26(a)(2)(D)). However, Rule 26(a)(2)(D) provides deadlines for expert witness disclosures only "*[a]bsent a stipulation or court order*" setting the deadlines, such as the Uniform Scheduling Order in the instant action. Fed. R. Civ. P. 26(a)(2)(D).  Furthermore, establishing the appropriate standard of care and breach thereof by expert testimony is *part of Plaintiff's prima facie case*.  At the time the Complaint was filed on March 25, 2009, Plaintiff *should have known that it needed expert testimony as to these claims and should have ensured that he had an expert willing to testify as to these issues*.  His failure to do so does not establish the appropriate good cause and/or diligence needed to modify the Uniform Scheduling Order.

   Plaintiff also contends that the untimely disclosure was harmless because discovery remained open at the time of disclosure and because Plaintiff has offered to allow Brittingham's deposition to be taken after the close of discovery. (Doc. # 111, at 9–10).  First, this Court is not convinced that the failure to disclose Brittingham, an expert unknown to Defendants, is harmless. *See Wright v. Hyundai Motor Mfg. Ala., LLC*, No. 2:08CV61-SRW, 2010 U.S. Dist. LEXIS 121385, at *16 (M.D. Ala. Nov. 16, 2010) (Walker, M.J.) (stating that harmlessness "involves and honest mistake on the part of a

party coupled with sufficient knowledge on the part of the other party" and holding that the plaintiff's failure to timely disclose two witnesses who were unknown to the defendant was not harmless even though discovery was not closed at the time of the disclosure). Furthermore, this Court has held that, where a party fails to abide by the deadlines for disclosure in a scheduling order, merely demonstrating lack of prejudice to the opposing party is insufficient to justify late disclosures. *White*, 211 F.R.D. at 670. Here, the Court finds that allowing Brittingham to provide expert testimony, "would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless." *White*, 211 F.R.D. at 669; *see also id.* ("Thus, the integrity of scheduling orders in all cases before the court, and not just in this case, is implicated."). In sum, Plaintiff has failed to establish the sufficient good cause and/or diligence to justify a modification of the Uniform Scheduling Order.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that BWSC's motion to exclude Brittingham's testimony, (Doc. # 105), is GRANTED.

It is further ORDERED that Plaintiff is precluded from calling Brittingham to provide expert testimony at trial.

DONE this the 27th day of May, 2011.

                                                          /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE